**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LARRY ELWYN,**

       **Plaintiff,**

**v.**                                          **Case No:   6:16-cv-16-Orl-31GJK**

**ARS NATIONAL SERVICES INC.,**

       **Defendant.**

## ORDER

This matter is before the Court without a hearing on the Motion for Summary Judgment (Doc. 17) filed by the Plaintiff, Larry Elwyn, and the Memorandum in Opposition (Doc. 19) filed by the Defendant, ARS National Services Inc. (hereinafter "ARSN").

**I.   Background**

The undisputed facts of the case are as follows. ARSN is a California-based corporation and debt collector within the meaning provided by the Fair Debt Collection Practices Act (hereinafter "FDCPA"). 15 U.S.C. § 1692a(6). Elwyn is a consumer within the same. *Id.* § 1692a(3).

On July 27, 2015, ARSN mailed a collection notice (hereinafter the "Validation Letter") to Elwyn stating that he had an outstanding balance of $1,534.75 with Capital One Bank, N.A. Doc. 16-2. The notice included the FDCPA-required warning that if Elwyn did not dispute the debt within thirty days ARSN would assume it was valid and would not be obligated to validate the debt. *Id.*; 15 U.S.C. § 1692g. On September 8, 2015—forty-three days after the Validation Letter—ARSN sent another collection notice informing Elwyn about the outstanding balance, but did not include the warning regarding dispute and validation. In a handwritten letter dated September 18, 2015—fifty-three days after the Validation Letter—Elwyn responded stating, "Because I am disputing it, I

want proof of the debt and I am not paying it." Doc. 2-1B. In the early morning of October 6, 2015, ARSN sent another collection notice and, later that day, received Elwyn's dispute letter. On October 9, 2015, ARSN mailed Elwyn copies of monthly statements for the overdue account, and on November 3 and December 2, 2015, ARSN mailed two more collection notices, none of which contained the dispute and validation warnings. All notices, including the Validation Letter, were sent to the same address.

In sum, Elwyn claims that the collection notices sent by ARSN violated the FDCPA, specifically 15 U.S.C. §§ 1692g(b) and 1692c(c).

## II. Legal Standard

A party is entitled to summary judgment when it can show that there is no genuine issue as to any material fact. FED. R. CIV. P. 56(c); *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458 (11th Cir. 1994). Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Watson v. Adecco Employment Servs., Inc.*, 252 F. Supp. 2d 1347, 1351–52 (M.D. Fla. 2003). In determining whether the moving party has satisfied its burden, the court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion, and resolves all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255.

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at trial, the non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue

for trial." *Celotex Corp.*, 477 U.S. at 324–25 (internal quotations and citations omitted). Thereafter, summary judgment is mandated against the non-moving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id.* at 322, 324–25; *Watson*, 252 F. Supp. 2d at 1352. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value") (citations omitted); *Broadway v. City of Montgomery, Ala.*, 530 F.2d 657, 660 (5th Cir. 1976).

Additionally, "[a]fter giving notice and a reasonable time to respond, the court may . . . grant summary judgment for a nonmovant." FED. R. CIV. P. 56(f)(1). However, "formal notice may not be necessary where a legal issue has been fully developed and the evidentiary record is complete." *Jones v. Fulton Cty., Ga.*, 446 Fed. App'x 187, 189 (11th Cir. 2011) (citing *Artistic Entm't, Inc. v. City of Warner Robins*, 331 F.3d 1196, 1201–02 (11th Cir. 2003)).

### III.    15 U.S.C. § 1692g(b)

Elwyn contends that ARSN violated 15 U.S.C. §1692g(b) when it continued sending debt collection notices after Elwyn sent his written notice disputing the debt. Section 1692g of the FDCPA provides that a debt collector attempting to collect a debt from a consumer must provide certain information and warnings in its initial communication, or within five days of the initial communication. *Id.* Two warnings are pertinent to this order:

> a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt . . . the debt will be assumed to be valid by the debt collector; [and] . . . a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt . . . is disputed, the debt collector will obtain verification of the debt . . . and a copy of such verification or judgment will be mailed to the consumer by the debt collector . . . .

*Id.* §§ 1692g(a)(3)–(4). The section also provides that if a consumer sends a written notice disputing the debt to a debt collector, the debt collector must cease collection of the debt until the it is verified and the consumer is sent a copy of said verification. *Id.* § 1692g(b). Therefore, a valid § 1692g(b) claim requires that a consumer dispute the debt, in writing, within thirty days of receipt of the initial communication from a debt collector. *See Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1274 (11th Cir. 2016) ("[T]he consumer has a right to verification only if she disputes the debt in writing.") (citations omitted); *see also Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282, 286 (2d Cir. 2013) ("[C]onsumers [must] take the extra step of putting a dispute in writing before claiming the burdensome set of rights defined in § 1692g(a)(4), (a)(5) and (b).")

Here, ARSN sent the Validation Letter on July 27, 2015. Given that "[t]he common law has long recognized the rebuttable presumption that an item properly mailed was received by the addressee," *Barnett v. Okeechobee Hosp.*, 283 F.3d 1232, 1239 (11th Cir. 2002), and the undisputed fact that Elwyn received at least two other collection notices sent to the same address, the Court concludes that Elwyn received the Validation Letter. While the record does not show exactly when Elwyn received the Validation Letter, the Court finds it reasonable to infer that it was received within a few days of mailing. Elwyn did not send the required written notice disputing the debt until September 18, 2015—over fifty days after the Validation Letter was sent and well over the thirty-day deadline. Thus, on the undisputed facts, Elwyn has no valid cause of action based on § 1692g(b).

### IV.     15 U.S.C. § 1692c(c)

Elwyn also claims that ARSN violated 15 U.S.C. § 1692c(c) when it continued sending collection notices after it had received Elwyn's dispute letter. Section 1692c(c) provides that "if a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or . . . wishes the debt collector to cease further communication with the consumer, the debt collector shall" cease

communication with respect to the debt. *Id.* Additionally, the section provides that any such notice from the consumer is complete upon receipt. *Id.* Thus, to bring a claim under § 1692c(c), a consumer must have provided written notice to the debt collector either (1) refusing to pay the debt or (2) demanding that the debt collector cease communication. *Bishop v. I.C. Sys., Inc.*, 713 F. Supp. 2d 1361, 1367 (M.D. Fla. 2010).

ARSN admits to receiving Elwyn's dispute letter on October 6, 2015. The letter stated: "Because I am disputing it, I want proof of the debt and I am not paying it." Clearly, the letter contains no demand that ARSN cease communication; therefore, the remaining question is whether the letter contained a refusal to pay the debt. Alone, the statement "I am not paying it" is a refusal to pay a debt. However, when read within the context of the rest of the letter, the message is different. *See Bishop*, 713 F. Supp. 2d at 1367 (looking to the context of a consumer's letter to a debt collector when analyzing whether it triggered § 1692c(c)). The letter essentially provided that Elwyn would not pay the debt until he received verification. While the FDCPA does not require an unconditional refusal to pay, *Barnes v. Seterus, Inc.*, No. 13-81021-CV, 2013 WL 6834720, at *1 (S.D. Fla. Dec. 26, 2013) (citing *Bishop*, 713 F. Supp. 2d at 1367–68), the drafters clearly intended that, to be effective, a refusal conditioned on verification must be provided within thirty days of the debt collector's initial communication—as provided by § 1692g(b). As stated above, Elwyn failed to dispute the debt and demand verification within thirty days of ARSN's initial communication.

Even if Elwyn's conditional refusal triggered the protection § 1692c(c), it would be illogical to extend a debtor's conditional refusal to pay past the point at which the debt-collector has satisfied the condition. Here, ARSN ceased debt-collection communications immediately after it received Elwyn's dispute letter and only continued collection attempts after it sent Elwyn verification of the debt on October 9, 2015. As such, Elwyn has no claim under § 1692c(c).

While ARSN has not moved for summary judgment, considering the undisputed facts and questions of law presented, it appears that summary judgment should be entered for ARSN pursuant to Rule 56(f)(1), Federal Rules of Civil Procedure. ("After giving notice and a reasonable time to respond, the court may: (1) grant summary judgment for a nonmovant . . . .").

It is therefore **ORDERED** that Plaintiff's Motion for Summary Judgment is **DENIED**. It is further **ORDERED** that Plaintiff has until Friday, November 18, 2016, to file his response. If he fails to do so, summary judgment will be entered on behalf of the Defendant.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on November 4, 2016.



_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party